E-filing

WALTER L. DAVIS, ESQ. (098513)
22320 Foothill Blvd., Suite 320
Hayward, CA 94541
Tel: (510) 888-9040

Attorney for Plaintiffs

FILED
SEP - 3 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WILLIA PUGH, PhD. and TOMMIE PUGH,

    Plaintiffs,

v.

DOCTORS MEDICAL CENTER and MALCOLM JOHNSON, M.D.,

    Defendants.

Case No. C08-04159 PJH ADR

COMPLAINT FOR DAMAGES
(Negligence)

DEMAND FOR JURY TRIAL

## I. JURISDICTION

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1333.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1343 (a) (3) and 1343 (a) (4) for claims arising under the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. §§ 1395dd, et. seq.

3. Under the doctrine of pendant and supplemental jurisdiction, this Court has jurisdiction over Plaintiffs' claims arising under California State law.

## II. VENUE

4. Venue is in the United States District Court, Northern District of California, under 28 U.S.C. § 1391(b)(2), by reason of the fact that the claims of Plaintiffs arose in this district.

## III. NATURE OF THE PROCEEDINGS

5. This is an action for damages based upon the conduct of Defendants relative to their refusal to admit Plaintiff TOMMIE PUGH into the emergency room owned and operated by

1  Defendant DOCTORS MEDICAL CENTER who was experiencing and manifesting to stroke-like
2  symptoms and the subsequent verbal abusive conduct of Defendant MALCOLM JOHNSON, M.D.
3  towards Plaintiff WILLIA PUGH.
4      6.  Plaintiffs seek compensatory, special and punitive damages.

## IV. PARTIES

6      7.  At all times herein mentioned, WILLIA PUGH, PhD. (U.C. Berkeley, 1975) and
7  TOMMIE PUGH are husband and wife.
8      8.  At all times herein mentioned, DOCTORS MEDICAL CENTER is a hospital with
9  an emergency room obligated to impose a duty on its emergency medicine physicians to provide all
10 emergency room patients with appropriate medical screening exam reasonably calculated to detect
11 an emergency medical condition.
12     9.  On information and belief, Plaintiffs allege that, at all times herein mentioned,
13 MALCOLM JOHNSON, M.D. is a physician licensed to practice medicine by the State of California
14 and is an emergency medicine physician employed by DOCTORS MEDICAL CENTER.

## V. FACTS UPON WHICH CLAIM FOR RELIEF IS BASED

16     10.  In the early morning hours of February 19, 2008, Plaintiff TOMMIE PUGH was seen
17 at the emergency room of DOCTORS MEDICAL CENTER by MALCOLM JOHNSON, M.D. for
18 stroke-like symptoms.
19     11.  Mr. PUGH complained of pain and requested pain medication. Dr. JOHNSON
20 specifically denied the request and, consequently, Dr. PUGH stated to her husband that she would
21 return home to obtain the medication and then return to the emergency room with the medication.
22     12.  Mr. PUGH, in an irrational state due to his pain, rejected his wife's offer and decided
23 to leave against medical advice in order to go home, obtain his pain medication, and then return to
24 the emergency room.
25     13.  Dr. JOHNSON directed the staff of DOCTORS MEDICAL CENTER to prepare a
26 form for Mr. PUGH's signature, stating that Mr. PUGH "understands that [he] could die if [he
27 leaves] before being seen by Doctor".
28

14. Mr. PUGH and Dr. PUGH left the emergency room and returned to the ER within the next 30 minutes. At that time, they were confronted at the entrance into the ER by Dr. JOHNSON.

15. Dr. JOHNSON stated to Plaintiffs that Mr. PUGH would not be permitted to enter into the emergency room. Dr. PUGH responded by stating that her husband was still manifesting stroke-like symptoms. Dr. JOHNSON replied "how do you know?" and opined that Mr. PUGH was not having a stroke since he could walk. During the course of the confrontation, Dr. JOHNSON proclaimed to Plaintiffs, and in front of witnesses, that he was "tired of {Plaintiffs'] shucking and jiving and lying".

16. Thereafter, Dr. JOHNSON threatened to call the police and have Dr. PUGH and her "man" arrested for trespassing unless they left the entrance to the emergency room.

17. Mr. PUGH, after being denied treatment at DOCTORS MEDICAL CENTER, was promptly transported by Dr. PUGH to the Alta Bates Medical Center where he was seen in the emergency room without delay and subsequently diagnosed as suffering from an intracranial hemorrhage.

18. Mr. PUGH remains hospitalized as of the date of this Complaint, suffering from the physical limitations caused by the stroke.

## VI. FIRST CLAIM
### [Negligence Per Se against DOCTORS MEDICAL CENTER]

19. Plaintiff TOMMIE PUGH incorporates each and every allegation as set forth above and repeats and repleads such allegations hereinafter with the same force and effect.

20. Pursuant to 42 U.S.C. §§ § 1395dd, et. seq., and the regulations promulgated thereunder, if any individual, as such Plaintiff TOMMIE PUGH, presents to a hospital that has a hospital emergency department, such as Defendant DOCTORS MEDICAL CENTER, and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department,

1  to determine whether or not an emergency medical condition exists.

2  21. Defendant DOCTORS MEDICAL CENTER had a legal duty to obey 42 U.S.C. §§ § 1395dd, et. seq., and the regulations promulgated thereunder as such pertains to the furnishing of an appropriate medical screening examination for Plaintiff TOMMIE PUGH.

22. Plaintiff TOMMIE PUGH, at all times herein relevant, was a member of the public for whose benefit the statutes were enacted.

23. Defendant DOCTORS MEDICAL CENTER failed and refused to conform its conduct to the proscriptions of the above-referenced statutes.

24. Defendant DOCTORS MEDICAL CENTER, by pursuing the course of conduct as alleged *supra*, breached its legal duties to Plaintiff.

25. Said Defendant's conduct, as alleged herein, was a substantial factor in causing Plaintiff TOMMIE PUGH to sustain injury to his body, psyche, and nervous system, all of which have caused and continue to cause Plaintiff mental and physical pain and suffering all to his damage in a sum in excess of $1,500,000, exclusive of interest and costs.

26. As a further substantial factor arising from the aforesaid conduct of Defendant, Plaintiff was compelled to and did employ the services of physicians, counselors, attendants, assistants and the like to care for and treat him and did incur hospital, medical, professional and incidental medical expenses for the same purpose.

27. As a further substantial factor arising from the aforesaid conduct of the Defendant, Plaintiff was prevented, or will be prevented, from engaging in his usual occupation and activities, thereby sustaining a loss of income, the duration and extent of which is yet undetermined.

28. WHEREFORE, Plaintiff requests relief as set forth below.

### VII. SECOND CLAIM
**[Violation of Cal. Civ. Code §§51 against All Defendants]**

29. Plaintiffs incorporated by reference herein the allegations in paragraphs 1 through 18, inclusive.

30. The emergency room owned and operated by Defendant DOCTORS MEDICAL

1  CENTER constitutes a business establishment within the meaning of California Civil Code § 51.

2      31.    Defendant MALCOLM JOHNSON, M.D., at all times herein relevant, provided emergency medicine services, within the meaning of California Civil Code § 51, to persons who required emergency medicine care at the business establishment owned and operated by Defendant DOCTORS MEDICAL CENTER.

    32.    Defendants have violated Plaintiffs' rights by denying them full and equal access to the facilities and services of said business establishment, and in doing so, Defendants have acted willfully and maliciously.

    33.    Defendants' actions constitute a violation of Plaintiffs' rights under California Civil Code § 51.

    34.    Said Defendant's conduct, as alleged herein, was a substantial factor in causing each Plaintiff to sustain injury to his/her psyche, and nervous system, all of which have caused and continue to cause each Plaintiff mental pain and suffering all to his/her damage in a sum in excess of $1,500,000, exclusive of interest and costs.

    35.    As a further substantial factor arising from the aforesaid conduct of Defendant, Plaintiff TOMMIE PUGH was compelled to and did employ the services of physicians, counselors, attendants, assistants and the like to care for and treat him and did incur hospital, medical, professional and incidental medical expenses for the same purpose.

    36.    As a further substantial factor arising from the aforesaid conduct of the Defendant, Plaintiff TOMMIE PUGH was prevented, or will be prevented, from engaging in his usual occupation and activities, thereby sustaining a loss of income, the duration and extent of which is yet undetermined.

    37.    Plaintiffs are also entitled to reasonable attorneys' fees and costs.

    38.    WHEREFORE, Plaintiffs request relief as set forth below.

## VIII. THIRD CLAIM
**[Intentional Infliction of Emotional Distress against Defendant JOHNSON, M.D.]**

    39.    Plaintiff WILLIA PUGH, Ph.D. incorporates each and every allegation as set forth

above and repeats and repleads such allegations hereinafter with the same force and effect.

40. Plaintiff WILLIA PUGH, Ph.D., as specifically set forth above, was subjected to extreme and outrageous conduct by Defendant JOHNSON which went beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized society.

41. The conduct of Defendant JOHNSON was intended to cause Plaintiff to immediately react in outrage and suffer highly unpleasant mental reactions typically described as grief, anxiety, worry, mortification, shock, humiliation and/or indignity which was of such substantial and/or enduring quality that no reasonable person in a civilized society should be expected to endure it.

42. Said Defendant engaged in said conduct with reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

43. Defendant's conduct, as alleged herein, was a substantial factor in causing Plaintiff to sustain the actual and general damages as described herein.

44. In doing the acts alleged above, Defendant acted in conscious disregard of the rights of Plaintiff and with the intent to vex, annoy, harass, and injure Plaintiff, entitling Plaintiff to an award of punitive or exemplary damages in an amount sufficient to make an example of Defendant.

45. WHEREFORE, Plaintiff requests relief as set forth below.

## VII. RELIEF

As to the FIRST CLAIM against Defendant DOCTORS HOSPITAL, Plaintiff TOMMIE PUGH seeks:

    1. General damages in excess of $1,500,000;

    2. Special damages according to proof at trial; and,

    3. For such other relief as this Court deems just.

As to the SECOND CLAIM against Each Named Defendant, Plaintiffs TOMMIE PUGH and Dr. WILLIA PUGH seek:

    1. General damages in excess of $1,500,000 for each Plaintiff;

    2. Special damages according to proof at trial;

    3. Attorney's fees as determined by the Court; and,

      4.      For such other relief as this Court deems just.

As to the THIRD CLAIM against Defendant JOHNSON, Plaintiff Dr. WILLIA PUGH seeks:

      1.      General damages in excess of $500,000;

      2.      Special damages according to proof at trial;

      3.      Punitive damages as determined by the Court; and,

      4.      For such other relief as this Court deems just.

DATED: August 28, 2008

_____
WALTER L. DAVIS, ESQ.
Attorney for Plaintiffs

## VIII. JURY DEMAND

Pursuant to Rule 38 of Federal Rules of Civil Procedure, Plaintiffs hereby request a jury trial.

DATED: August 28, 2008

_____
WALTER L. DAVIS, ESQ.
Attorney for Plaintiffs

---

*Pugh et al v. Doctors Medical Center, et al*
COMPLAINT FOR DAMAGES           7

3:08-cv-04159-PJH
ADR ECF

# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS
WILLIA PUGH, PhD. and TOMMIE PUGH

### DEFENDANTS
DOCTORS MEDICAL CENTER and MALCOLM JOHNSON, M.D.

**(b)** County of Residence of First Listed Plaintiff  CONTRA COSTA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Walter L. Davis, Esq.
22320 Foothill Blvd., Suite 320
Hayward, CA 94541
510/888-9040

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | [x] 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC § 1395dd
Brief description of cause:
violation of Emergency Medical Treatment Act in refusing to admit a person (T. Pugh) suffering from a stroke to the ER

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 5,000,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)   [x] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE  9/3/08
SIGNATURE OF ATTORNEY OF RECORD

```
Court Name: U.S. District Court, NDCA
Division: 4
Receipt Number: 44611002563
Cashier ID: lenahac
Transaction Date: 09/03/2008
Payer Name: Walter L. Davis

CIVIL FILING FEE
 For: Willa Pugh
 Case/Party: D-CAN-3-08-CV-004159-001
 Amount:         $350.00

CHECK
 Check/Money Order Num: 1648
 Amt Tendered: $350.00

Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

PJH

Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.
```