UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIA PUGH and TOMMIE PUGH,

    Plaintiffs,

    v.

DOCTORS MEDICAL CENTER and MALCOLM JOHNSON, M.D.,

    Defendants.
_____/

No. C 08-4159 PJH

**ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING IT IN PART**

    Before the court is defendant Dr. Malcolm Johnson's motion to dismiss, or in the alternative, motion for a more definite statement. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby GRANTS the motion in part and DENIES it in part.

**BACKGROUND**

    This is a case alleging denial of medical treatment, in violation of the Emergency Medical Treatment and Active Labor Act (EMTALA). On February 19, 2008, plaintiff Tommie Pugh sought emergency medical care for stroke-like symptoms from the emergency room ("ER") of defendant Doctors Medical Center ("DMC"). He was examined by Dr. Johnson. He was accompanied by his wife, plaintiff Willia Pugh.

    Tommie Pugh complained of pain and requested pain medication, but Dr. Johnson denied the request. The Pughs left the ER against Dr. Johnson's medical advice to obtain pain medication at home. They returned to the ER approximately half an hour later, at which time Dr. Johnson refused to admit Tommie Pugh. His wife informed Dr. Johnson that Mr. Pugh was still manifesting stroke-like symptoms. Dr. Johnson allegedly asked Mrs.

1  Pugh, "How do you know?" and opined that her husband was not having a stroke since he
2  could walk.  Dr. Johnson also allegedly told plaintiffs that he was tired of their "shucking
3  and jiving and lying."

4  After being denied treatment at DMC by Dr. Johnson, Tommie Pugh sought
5  emergency care at Alta Bates Medical Center, where he was diagnosed with an intracranial
6  hemorrhage.  He remained hospitalized as of the date the complaint was filed.

7  Plaintiffs filed suit against defendants on September 3, 2008, alleging negligence per
8  se against DMC and violation of the Unruh Act, California Civil Code § 51, against both
9  DMC and Dr. Johnson.  In addition, Willia Pugh alleges intentional infliction of emotional
10 distress against Dr. Johnson.  Willia later withdrew her Unruh Act claim.

11 Dr. Johnson now moves to dismiss the second and third causes of action under
12 Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or, in the alternative, for
13 a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

14 **DISCUSSION**
15 A.   Legal Standard

16 In evaluating a motion to dismiss under Rule 12(b)(6), all allegations of material fact
17 are taken as true and construed in the light most favorable to the nonmoving party.  See,
18 e.g., Burgert v. Lokelani Bernice Pauai Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)
19 (citations omitted).  In order to survive a dismissal motion, however, a plaintiff must allege
20 facts that are enough to raise his/her right to relief "above the speculative level."  See Bell
21 Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1964-65 (2007).  While the
22 complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's
23 obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than
24 labels and conclusions, and a formulaic recitation of the elements of a cause of action will
25 not do."  Id.  In short, a plaintiff must allege "enough facts to state a claim to relief that is
26 plausible on its face," not just conceivable.  Id. at 1974.

27 Rule 12(e) provides that a party may move for a more definite statement if a
28 pleading to which a responsive pleading is permitted is so vague or ambiguous that the

moving party cannot reasonably be required to frame a responsive pleading. Fed. R. Civ. P. 12(e). A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. See William W Schwarzer, et al., Federal Civil Procedure Before Trial 9:347 (2008) (citing Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F.Supp. 940, 949 (E.D. Cal. 1981)).

B.   Legal Analysis

   1.   Unruh Act Claim

Dr. Johnson seeks an order dismissing the second cause of action for violation of the Unruh Act, arguing that Tommie Pugh has not alleged sufficient facts to state a claim. The Unruh Act, in relevant part, provides:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b). The Act seeks to protect not only the enumerated category of protected classes, but also all persons from any arbitrary discrimination by a business establishment. See Marina Point, Ltd. v. Wolfson, 30 Cal. 3d 721 (1982). The protected classifications have expanded to include persons with unconventional dress or physical appearance, families with children, homosexuals, and persons under age 18. See Scripps Clinic v. Superior Court, 108 Cal. App. 4th 917, 932 (2003).

In the Unruh Act claim, plaintiffs allege that DMC is a business establishment within the meaning of the Unruh Act, and that Dr. Johnson violated Tommie Pugh's rights by denying him access to DMC's emergency room. However, plaintiffs do not allege the basis of the alleged discrimination. Accordingly, the court finds that the motion must be GRANTED, with leave to amend to allege the basis of discrimination.

   2.   Intentional Infliction of Emotional Distress Claim

Dr. Johnson seeks an order dismissing the third cause of action for intentional infliction of emotional distress, arguing that Willia Pugh has not alleged facts sufficient to state a claim. The elements of a cause of action for intentional infliction of emotional

distress are (1) extreme and outrageous conduct by the defendant; (2) extreme or severe emotional distress to the plaintiff; and (3) actual and proximate causation between the two. Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001 (1993).  The court finds that the complaint adequately states a claim; and further, that the allegations are not so indefinite that defendant cannot ascertain what claim is being asserted.  Dr. Johnson's arguments in support of the motion should more properly be directed toward the merits of the claim, which the court does not consider on a Rule 12(b)(6) motion.  Accordingly, the motion is DENIED.

## CONCLUSION

In accordance with the foregoing, Dr. Johnson's motion to dismiss the second cause of action is GRANTED, with leave to amend.  Any amended complaint must be filed no later than December 17, 2008.  The motion to dismiss the third cause of action is DENIED.

The date for the hearing on the motion, previously noticed for Wednesday, December 3, 2008, is VACATED.

**IT IS SO ORDERED.**

Dated: November 26, 2008

PHYLLIS J. HAMILTON
United States District Judge

4