UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIA PUGH, et al.,

       Plaintiffs,

       v.

DOCTORS MEDICAL CENTER, et al.,

       Defendants.
_____/

No. C 08-4159 PJH

**ORDER DENYING MOTION TO DISMISS**

       The motion of third-party defendant California Emergency Physicians Medical Group ("CEP") for an order dismissing the third-party complaint filed by defendant and third-party plaintiff Doctors Medical Center ("DMC") for failure to state a claim came on for hearing before this court on July 15, 2009. DMC appeared by its counsel Karen Sparks, and CEP appeared by its counsel Scott Kanter. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court DENIES the motion.

       The first cause of action appears to state a claim for express contractual indemnity based on the indemnity clause in the contract at issue. To the extent that resolution of this issue would require the court to construe the contract, the court finds that it is not appropriate for decision in a Rule 12(b)(6) motion.

       The second cause of action adequately states a claim for implied contractual indemnity. Implied contractual indemnity is a form of equitable indemnity, arising from equitable considerations either by contract language not specifically dealing with indemnification or by the equities of the subject matter. Bay Development, Ltd. v. Superior Court, 50 Cal. 3d 1012, 1029 (1990). The right to implied contractual indemnity is predicated on the indemnitor's breach of contract. West v. Superior Court, 27 Cal. App. 4th 1625, 1633 (1994).

Implied contractual indemnity is "designed to apportion loss among contract parties based on the concept that one who enters a contract agrees to perform the work carefully and to discharge foreseeable damages resulting from the breach." Smoketree-Lake Murray, Ltd. v. Mills Concrete Construction Co., 234 Cal. App. 3d 1724, 1736 (1991) (citation and quotation omitted).  Here, DMC has adequately alleged that CEP breached the duty it owed to DMC to properly perform its contractual responsibilities.

The third cause of action states a claim for equitable indemnity.  Implied contractual indemnity between the indemnitor and the indemnitee can provide a basis for equitable indemnity.  BFGC Architects Planners, Inc. v. Forcum/Mackey Constr., Inc., 119 Cal. App. 4th 848, 852 (2004) (citation and quotation omitted).

As for the dispute regarding whether intentional tortfeasors may obtain may obtain equitable indemnity, the court in Baird v. Jones held that an intentional tortfeasor may obtain equitable indemnity from a concurrent intentional tortfeasor.  Id., 21 Cal. App. 4th 684, 690-92 (1993).  The only limitation appears to be that an intentional tortfeasor may not obtain indemnity from a negligent tortfeasor.  Weidenfeller v. Star and Garter, 1 Cal. App. 4th 1, 7 (1991), cited in Baird, 21 Cal. App. 4th at 691-92.

To the extent that resolution of this issue depends on whether plaintiffs' second cause of action is asserted against DMC, or just against Dr. Johnson, the court cannot address it in the context of the present motion, without the participation of the plaintiffs.

The fourth cause of action adequately states a claim for declaratory relief.  Under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaratory relief is an alternative or cumulative remedy, not an exclusive remedy.

The fifth cause of action adequately states a claim for contractual attorney's fees.

**IT IS SO ORDERED.**

Dated: July 15, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge