UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIA PUGH, et al.,

        Plaintiffs,

        v.

DOCTORS MEDICAL CENTER, et al.,

        Defendants.
_____/

No. C 08-4159 PJH

**ORDER**

        The court has reviewed the supplemental trial briefs and proposed instructions submitted by the parties, and finds that they raise more questions than they answer requiring even further briefing.  The parties shall submit supplemental briefs addressing the following questions:

        (1)    For more than a year the operative complaint, the first amended complaint ("FAC"), has contained a cause of action for negligence per se and has omitted a cause of action directly under EMTALA.  Given the motions to dismiss, the motions for summary judgment and the motion to amend, the parties and the court have expended considerable time and resources litigating this claim.  Now, one week before the scheduled trial date, plaintiffs first raise the possibility that the cause of action for negligence per se, based on the violation of EMTALA, is not in actuality a claim brought under a theory of negligence per se, or a claim alleging negligence, but rather a claim simply alleging violation of EMTALA.  Thus, the first question the parties must address is whether plaintiffs should even be permitted to proceed with this claim under their new theory;

(2) Second, the separately proposed jury instructions raise the question whether a violation of EMTALA requires proof of the *intentional* denial of hospital services, or whether evidence of denial of services is by itself sufficient;

(3) Third, the parties should address whether the action by a non-employee of a hospital – i.e., a contract employee such as Dr. Johnson – is sufficient to create liability for the hospital under EMTALA, and if so under what theory; and

(4) Fourth, the parties should address whether emotional distress damages, the only damages potentially available to plaintiff Tommie Pugh, flow from a violation of EMTALA.

**The parties shall support their arguments with citations to case or statutory authority**.

In view of the need for additional briefing, Dr. Johnson's request to sever the trial of the claim asserted against him from the claim asserted against Doctors Medical Center is GRANTED. The trial date is VACATED as to the claim alleged by plaintiff Tommie Pugh against Doctors Medical Center, and the trial will proceed on May 3, 2010, as to plaintiff Willia Pugh's claim of intentional infliction of emotional distress against Dr. Johnson, unless Dr. Johnson advises the court on April 28, 2010 that he is no longer interested in severance and would prefer a later trial along with Doctors Medical Center. The court will reschedule the trial of the EMTALA claim once the above-described issues have been resolved. Doctors Medical Center shall file the opening brief by May 11, 2010, plaintiff Tommie Pugh shall file an opposition brief by May 25, 2010, and any reply shall be filed by June 1, 2010. The court will contact the parties should a hearing be necessary and in any event, a further case management conference will be held to schedule a date for trial/

**IT IS SO ORDERED.**

Dated: April 27, 2010

PHYLLIS J. HAMILTON
United States District Judge

2